WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Hamilton Mortgage Company, | ) | No. CV-06-3090-PHX-SMM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Carteret Mortgage Corp., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Carteret Mortgage Corp.'s ("Cateret") Motion to Dismiss (Doc. 13) Plaintiff Hamilton Mortgage Company's ("Hamilton") Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. In its Complaint, Hamilton alleges one count of breach of contract on the grounds that Cateret failed to comply with the terms of the parties' Wholesale Broker Agreement ("Agreement"). After careful consideration, the Court finds the following.

**BACKGROUND**

This case arises out of a dispute concerning the Wholesale Broker Agreement that governed the relationship between the parties. It is undisputed that, pursuant to the terms of the Agreement[1], Cateret was to broker loans to Hamilton for review, underwriting, and ultimate funding in exchange for the payment of certain fees. More specifically, the dispute

---

[1] The agreement outlined the parties' rights and responsibilities with regard to the loans submitted by Cateret to Hamilton.

arises out of an alleged unilateral modification made by Cateret to the Agreement concerning indemnification in circumstances involving fraud by a third party.

In or about August 2006, Cateret provided Hamilton with a loan application for a mortgage transaction involving Ryan Waddell. Hamilton reviewed the package, underwrote the loan, and funded two mortgage loans for Mr. Waddell in the amounts of $1,640,000 and $400,000, respectively. Subsequently, based on the documents submitted by Cateret, Hamilton sold the loans to an investor. Shortly thereafter, Hamilton was notified by the investor that fraud had occurred in the loan transaction. Consequently, the investor demanded that Hamilton buy back the loan for an amount in excess of $2.2 million. Hamilton discovered that certain pertinent information provided to Cateret in connection with the original loan application transaction was false. Specifically, Hamilton contends that false signatures were used, false account documents identified, and unverifiable account and employment information was provided to Cateret in connection with the loan. As a result, Hamilton turned to Cateret demanding that it provide proof that no fraud had occurred in the transaction, or in the alternative, that Cateret either repurchase or refinance the loan as a result of the fraud. Cateret refused to comply with the demand, contending that the parties had agreed that Cateret would not assume liability for the fraud of third parties. On or about November 8, 2006, Hamilton made a second demand to Cateret for the repurchase or refinance of the loan. Cateret did not comply. Hamilton asserts that such noncompliance is a breach of Cateret's obligation pursuant to Paragraph VIII of the Agreement. The Agreement provides in pertinent part:

VIII. Broker Indemnification:

> A. HMC may require Broker to indemnify HMC for any loan with respect to which:
>
> 1. Broker breaches any material warranty or fails to satisfy any of its material representations, warranties, covenants, agreements or obligations under this Agreement.

          2.  Borrower(s) or guarantor(s) contends that there has been an act of commission or omission by Broker, which could result in liability of HMC or materially impair HMC's collection of the loan.

          3.  There is any material fraud, misrepresentation or deceit in connection with the Mortgage Loan on the part of Broker, any of Broker's representatives, Borrower or any third party in connection with the application or origination of such Mortgage Loan, including, but not limited to, misrepresentation of the Borrower's income, personal information, funds on deposit, employment or real estate appraisals, regardless of whether Broker has any knowledge of such fraud or misrepresentation.

\*\*\*

(Doc. 13, Ex. A).

Hamilton contends that pursuant to the language agreed upon in paragraph VIII, Cateret is required to indemnify Hamilton such that Hamilton will not be liable for the loan. Cateret has refused to comply. As a result, Hamilton initiated this action, alleging breach of contract. In response, Cateret filed the pending Motion to Dismiss (Doc. 13) contending that Hamilton's claim for breach of contract should be dismissed as a matter of law "because, by the plain language of the parties' agreement, Cateret has no obligation to repurchase the allegedly fraudulent loan." (Doc. 13). Cateret contends that the parties expressly agreed that Cateret specifically contracted *not* to accept liability for borrower or third party fraud such as the type at issue in this litigation. (Doc. 13).

.

**STANDARD OF REVIEW**

Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). A complaint may not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim which would entitle [the plaintiff] to relief." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir.1987) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). If as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, under Rule 12(b)(6) a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *See Neitzke*, 490 U.S. at 327. Dismissal may be based

on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1988). On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party. *Usher*, 828 F.2d at 561. The Court declines to consider any materials submitted outside of the pleadings. Fed.R.Civ.P. 12(b).

**DISCUSSION**

In support of its motion, Defendant contends that the parties agreed that their relationship was to be governed by a document entitled "'Loan Fraud'-Zero Tolerance". As part of entering into the broker relationship and as a condition of brokering loans to Hamilton, Cateret asserts that it was provided with, and required to sign the "Zero Tolerance"document. The document set forth Hamilton's specific policy with regard to loan fraud. Upon receipt of the document, Cateret modified the document, adding language to indicate its unwillingness to accept liability for third party and borrower fraud. The following language was added to the document by Cateret:

> Cateret Mortgage Corporation cannot be held liable for borrower or third party fraud where the borrower or any third party (appraiser, processor, closing agent, etc.) has intentionally set out to deceive the Loan Officer/loan process and were the Loan Officer could not have detected the fraud in the normal course of loan origination.

(Doc. 13-2, Ex. A.)

Cateret contends that pursuant to the "express language of the parties' agreement...Cateret specifically contracted *not* to accept liability for the kind of fraud at the heart of this litigation." (Doc. 13). Cateret concludes that, because the parties agreed that Cateret would not be liable to Plaintiff in instances involving third party and borrower fraud, Hamilton's claim should be dismissed. On the other hand, Hamilton contends that it was not the intent of the parties, but instead the intent of only Cateret to modify the document.

It is Hamilton's contention that Mr. Weinstein, CEO of Cateret Mortgage, unilaterally modified the "Loan Fraud Zero Tolerance" document without the assent of Hamilton. In Arizona, it is well established law that, "one party to a written contract cannot unilaterally

- 4 -

1 modify it without the assent of the other party." *Angus Medical Co. v. Digital Equipment Corp.*, 840 P.2d 1024, 1029 (Ariz, App. 1989)(citing *Coronado Co., Inc. v. Jacome's Dept. Store,* 129 Ariz. 137, 140, 629 P.2d 553, 556 (App.1981)); *Ruck Construction Co., Inc. v. City of Tucson,* 116 Ariz. 533, 570 P.2d 220 (App.1977). Here, the record demonstrates that Hamilton did not assent to the terms of the change. Hamilton contends that Cateret attempted to hide the modification from Hamilton by adding the text into the body of the document and sending it back to Hamilton for signature without notification of the change and without striking through the duplicative language found in the Wholesale Broker Agreement in the hopes of avoiding drawing attention to the modification. Despite this, Hamilton did not sign the altered document or agree to modify the terms of the "Loan Fraud-Zero Tolerance". (Doc. 14, Ex. 3. Affidavit of James Lyddon).

Moreover, the clause that Cateret added to the "Loan Fraud-Zero Tolerance" document states, "Cateret Mortgage Corporation cannot be held liable for borrower fraud or third party fraud where the borrower...has intentionally set out to deceive the loan officer/loan processor and there the Loan Officer could not have detected the fraud in the normal course of loan origination. (Doc. 13-2, Ex. A). Hamilton asserts that it was the loan officer's obligation to verify the allegedly fraudulent information. It contends that a phone call should have been made in the normal course of business to verify the information that Plaintiff ended up discovering was fraudulent. A complaint may be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure **only** if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Hamilton has provided the Court with sufficient facts to support a claim for breach of contract. For the foregoing reasons, Cateret's Motion to Dismiss is **DENIED** without prejudice.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Doc. 13) Plaintiff's Complaint is **DENIED** without prejudice.

DATED this 1st day of April, 2007.

_/s/ Stephen M. McNamee_
Stephen M. McNamee
United States District Judge