**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hamilton Mortgage Company,<br><br>      Plaintiff,<br><br>v.<br><br>Carteret Mortgage Corp.,<br><br>      Defendant.<br>―――――――――――――――――――<br>Morgan Stanley Mortgage Capital Inc.,<br><br>      Plaintiff,<br><br>v.<br><br>Hamilton Mortgage Company,<br><br>      Defendant and Third Party Plaintiff,<br><br>v.<br><br>Carteret Mortgage Corp.,<br><br>      Third Party Defendant. | No. CV-06-3090-PHX-SMM<br><br>**ORDER** |

Pending before the Court is the Joint Stipulation of Morgan Stanley Mortgage Capital, Inc. and Carteret Mortgage Corp. (Doc.64) to seal the parties' proprietary documents and information.

**IT IS HEREBY ORDERED GRANTING** the Joint Stipulation (Doc. 64) to seal the parties' **proprietary** documents and information, therefore:

1. Any party may designate in good faith as "Confidential" any document it produces in the course of this proceeding, that contains information regarding the process whereby a party or parties originate, analyze, and market mortgages, whether produced pursuant to

1 disclosure or discovery obligations or by agreement of the parties, by providing a stamped or typewritten indication to that effect on the document. Once any such documents are designated as confidential, the parties and their counsel shall keep such documents, and the information contained therein if not separately produced without a "Confidential" designation, confidential to themselves and shall not further disseminate or disclose any such confidential documents or information to persons or entities other than "Qualified Persons" as hereinafter provided.

5. The disclosure of designated confidential documents or information may be made only to "Qualified Persons," defined as: (a) The parties and their attorneys of record in this proceeding, including members of the attorneys' staff (e.g., paralegals, legal secretaries, and law clerks); (b) Persons employed by or associated with counsel, including any expert witnesses or consultants assisting counsel in connection with this action, who shall agree in writing to comply with the terms of this Order; and (c) Witnesses providing deposition or trial testimony, to the extent that it is reasonably necessary that they review confidential documents or information to prepare for or provide their testimony; and (d) This Court, and the employees thereof, including necessary stenographic and clerical personnel (e.g., court reporters), subject to paragraph 7 herein.

6. Designated confidential documents or information may be used by parties or the "Qualified Person" to whom such disclosure is made only for preparation for trial, trial, or settlement of this case, and not for any purpose unrelated to this litigation.

7. In the event that any designated confidential document or information is included with or in any pleading, motion, or other paper filed with the Clerk of this Court, such designated confidential documents or information shall be filed under seal and shall remain sealed until further order of this Court or written consent of the opposing party to unseal the information.

8. Upon final determination of this action, whether by judgment, settlement, or otherwise, and including any appeal from a final judgment, any designated confidential

1 documents or information, and any summaries or extracts thereof, shall be destroyed or
2 returned to the respective counsel, with a certification that all copies of such documents have
3 been returned or destroyed.

4     9. Any party may object to the Confidential designation. The objection shall be made
5 in writing to counsel for the designating party and shall have attached a copy of such
6 designated material or shall identify each subject document by production number and shall
7 (a) state that the receiving party objects to the designation and (b) set forth the particular
8 reasons for such objection. Counsel shall confer in good faith in an effort to resolve any
9 dispute concerning such designation. If the objection cannot be resolved by agreement within
10 ten (10) calendar days of the date of service of the objection, the objecting party may move
11 to remove the Confidential designation by motion to this court or to a magistrate designated
12 solely for the purpose of resolving discovery disputes. All material whose designation is so
13 objected to shall continue to be treated as Confidential until there is a ruling to the contrary.

14     10. The terms of this Protective Order shall survive and remain in full force and effect
15 after the termination of this action. This Court shall retain jurisdiction to determine any issue
16 arising from the terms of this Stipulated Protective Order.

17     11. Any party may petition the Court to modify this Stipulated Protective Order in any
18 way, including seeking additional protection.

19     DATED this 22nd day of April, 2008.

_____
Stephen M. McNamee
United States District Judge